# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSEPH R. GALLEGOS,
           Appellant,

      v.

DEPARTMENT OF HEALTH AND
    HUMAN SERVICES,
           Agency.

DOCKET NUMBER
DA-0752-01-0157-I-1

DATE: March 13, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Barrie M. Shapiro</u>, Esquire, Lakewood, Colorado, for the apellant.

<u>James E. Simpson</u>, Washington, D.C., for the agency.

<u>Nelson Cabrera</u>, Rockville, Maryland, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant filed a petition for review of the March 23, 2001 initial decision, which dismissed the appeal as settled. For the reasons set forth below,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

we DISMISS the petition as untimely filed with no showing of good cause for the untimely filing.

¶2	Under the terms of the parties' settlement agreement, among other things, the appellant voluntarily resigned effective September 29, 2000, because he was unable for personal reasons to relocate from Lubbock to San Antonio, Texas. Initial Appeal File (IAF), Tab 14. The initial decision dismissed the appeal as settled and informed the parties that it would become the Board's final decision in the appeal unless a petition for review were filed with the Clerk of the Board on or before April 27, 2001. IAF, Tab 15, Initial Decision at 2-3. Because neither party did so, the initial decision became the Board's final decision in this matter. *See* 5 C.F.R. § 1201.113.

¶3	On December 16, 2014, the appellant electronically filed a document with the Board's Dallas Regional Office. Petition for Review (PFR) File, Tab 1. The Clerk of the Board determined that the appellant intended his filing to be a petition for review of the Board's March 23, 2001 initial decision. PFR File, Tab 2. The Clerk's acknowledgment letter informed the appellant that his petition was untimely filed and the Board would not consider the petition without a sworn motion to either: "(1) accept the filing as timely, and/or (2) to waive the time limit for good cause." *Id.* The Clerk provided the appellant copies of a form that he could use to make such a motion. *Id.* The Clerk instructed the appellant to submit his motion on or before January 13, 2015, and informed him that, if he did not submit a motion, the Board might dismiss the petition for review as untimely. *Id.*

¶4	The appellant failed to submit a sworn motion. Instead, in an unsworn submission, the appellant requested that the Board waive the time limit for good cause, arguing that the agency had coerced him into accepting a January 1998 reassignment from Dallas to Lubbock, Texas. PFR File, Tab 2. He asserted that he experienced a hostile work environment for 2 years and was then "covertly" used by the agency as a "test subject" in a pilot alternative dispute resolution

program which apparently resulted in the 1998 reassignment. *Id.* at 6. He provides documents he contends indicate that the agency committed fraud in effecting his transfer from Dallas to Lubbock, first asserting that the transfer was for the good of the government, and then that it was for the appellant's convenience, such that the agency paid him almost $50,000.00 in unauthorized relocation expenses. *Id.* at 4-10. The agency responded in opposition and the appellant filed a reply to the agency's response. PFR File, Tabs 5-6.

¶5        A petition for review must be filed within 35 days after the date of issuance of the initial decision, or, if a party shows he received the initial decision more than 5 days after it was issued, within 30 days after the date of receipt. *Via v. Office of Personnel Management*, 114 M.S.P.R. 632, ¶ 4 (2010); *Williams v. Office of Personnel Management*, 109 M.S.P.R. 237, ¶ 7 (2008); 5 C.F.R. § 1201.114(d). An appellant bears the burden of proof regarding timeliness, which he must prove by preponderant evidence. *Williams*, 109 M.S.P.R. 237, ¶ 7; 5 C.F.R. § 1201.56(a)(2)(ii). The initial decision that is the subject of the appellant's petition was issued on March 23, 2001, and informed the parties that, to be timely, a petition for review had to be filed on or before April 27, 2001. The appellant's petition for review was sent to the Board on December 16, 2014. PFR File, Tab 1. Accordingly, the appellant's petition for review was filed more than 13 years late.

¶6        The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the delay in filing. *Via*, 114 M.S.P.R. 632, ¶ 5; *Lawson v. Department of Homeland Security*, 102 M.S.P.R. 185, ¶ 5 (2006); 5 C.F.R. §§ 1201.12, 1201.114(f). The appellant has offered no evidence or argument to explain why the Board should accept his petition for review as timely filed or should waive the time limit for good cause.[2] Where an appellant fails to

---

[2] Not only has the appellant failed to submit the required sworn motion regarding the timeliness of his petition for review, but the evidence he proffers involves a reassignment effected in January 1998, over 2 years prior to the events that resulted in

respond to the Clerk's notice concerning the timeliness of his petition for review and his untimely filing does not include a motion for waiver of the time limit or an affidavit or statement to establish good cause, the appellant has not demonstrated good cause for the untimely filing. *McKinney v. Department of the Army*, 44 M.S.P.R. 600, 602 (1990); *Mejia v. Office of Personnel Management*, 38 M.S.P.R. 472, 473 (1988).

¶7    Thus, we DISMISS the petition for review as untimely filed with no showing of good cause for the delay. 5 C.F.R. § 1201.114(g). This is the final decision of the Board regarding the timeliness of the appellant's petition for review. The initial decision remains the final decision of the Board regarding the merits of the appellant's appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline

the parties' March 2001 settlement agreement. PFR File, Tabs 1, 3; IAF, Tab 14. Thus, regardless of whether the evidence was available, despite the appellant's due diligence before the close of the record below, the evidence does not indicate that the agency fraudulently induced the appellant to sign the March 2001 settlement agreement at issue in this matter. *See, e.g.*, *Hazlett v. Department of Justice*, 25 M.S.P.R. 623, 625 (1985) (the party attacking a settlement agreement must bear the burden of showing that the contract is tainted with invalidity either by fraud practiced on him, or by a mutual mistake under which both parties acted).

and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.